**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
Tel: (503) 295-3085
Fax: (503) 323-9105

Attorneys for Plaintiff

FILED 20 JUN '11 15:52 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

VINCENT L. WEBB, a resident of the State
of Nevada,

Plaintiff,

v.

TRAILER CITY, INC., an Oregon
corporation, and DAN E. WALKER, a
resident of the State of Oregon, and
CHANGZHOU NANXIASHU TOOL CO.,
LTD., a foreign corporation,

Defendants.

CV '11 - 7 47 . BR

Case No. _____

COMPLAINT FOR TRADEMARK
INFRINGEMENT (REVERSE PASSING
OFF AND TRADE DRESS),
TRADEMARK DILUTION, COMMON
LAW COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, UNFAIR
BUSINESS PRACTICES

Plaintiff Vincent L. Webb alleges as follows:

1.

This is an action at law and in equity for trademark infringement (implied reverse passing

off), violation of the Oregon Unlawful Trade Practices Act, ORS § 646.608 (b), copyright

infringement, unfair competition, and common law claims.  By this action, plaintiff hereby seeks

(a) injunctive relief against defendants' continued  import and/or sale of plaintiff's UtilityMate®

(Reg. No. 3,255,766) and UtilitySport® (Reg. No. 3,278,153) trailers which were manufactured

by use of plaintiff's designs, blueprints, tools, molds, patent pending invention, and accompanied

by user manuals which include plaintiff's copyrighted images, drawing and text, (b) damages arising from defendants' past and present infringement of plaintiff's copyrights and trademark rights, and (c) reimbursement of plaintiff's attorney fees and costs incurred in connection with its efforts to protect its intellectual property rights.

2.

This action arises out of the manufacture, importation, and sale in the United States of plaintiff's UtilityMate® and UtilitySport® trailers which are or were manufactured in China by Changzhou Nanxiashu Tool Co., Ltd. ("Changzhou Tool"), a former manufacturer of plaintiff's trailers by use of plaintiff's designs, drawings, tools, molds and patent pending invention, but from which plaintiff's trademarks have been removed prior to sale to defendants, and which defendants then passed off as their own, by defendants Trailer City, Inc. and Dan Walker. Defendant Changzhou Tool obtained access to and copies of plaintiff's trailer designs, blueprints, tools, molds and the copyrighted user manual and materials used to produce the user manual by virtue of their prior relationship with plaintiff pursuant to which defendant Changzhou Tool manufactured plaintiff's UtilityMate® and UtilitySport® trailers under a license arrangement. At the time, defendant Changzhou Tool explicitly acknowledged that all intellectual property rights in the trailers belonged to plaintiff.

3.

In the summer of 2008, plaintiff stopped using Changzhou Tool to manufacture its UtilityMate® and UtilitySport® trailers, in part because of manufacturing defects and missing parts in shipments of trailers. In November 2008, plaintiff officially canceled the license under which defendant Changzhou Tool was manufacturing plaintiff's UtilityMate® and UtilitySport® trailers, and plaintiff has since engaged another Chinese company to manufacture its trailers.

4.

At an unknown time thereafter, defendant Changzhou Tool resumed the manufacture of plaintiff's UtilityMate® and UtilitySport® trailers, by use of plaintiff's designs, blueprints, tools,

molds and the copyrighted user manual and materials, with some modifications, but without any designation of plaintiff's trademarks on the trailers, for export to the United States.

5.

Since the trailers are made from plaintiff's designs, tools, and molds, they are *identical* to plaintiff's UtilityMate® and UtilitySport® trailers. The trailers are even being sold under the *same model numbers* used by plaintiff, after removing the "UM" (which stands for UtilityMate) prefix. Since the infringing trailers are identical, some of the models include plaintiff's patent pending design for front and rear load bearing drop gates that can be lowered and locked in place to create a longer cargo bed, and all of the trailers are sold with user manuals which include copyrighted material which is owned by plaintiff. The infringing trailers are imported into the United States for sale to defendants through the Port of Portland and/or Los Angeles/Long Beach, and are being sold in direct competition with plaintiff's UtilityMate® and UtilitySport® trailers.

6.

Although plaintiff has demanded that defendants Trailer City, Inc. and Dan E. Walker cease and desist from their acts of infringement, namely, importing and selling the infringing trailers in the United States as alleged above, they have failed and refused to do so. Further, plaintiff has demanded that defendant Changzhou Tool cease and desist from the infringing acts described herein, but defendant Changzhou Tool has refused to do so.

## JURISDICTION AND VENUE

7.

This Court has subject matter jurisdiction under section 15 U.S.C. § 1121 (the Lanham Act), 17 U.S.C. § 101 (the Copyright Act), and 28 U.S.C. §§ 1331 and 1338 (copyright and trademark). This Court has jurisdiction over plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

**Page 3 - COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

8.

Venue of the claims asserted herein is proper in the this Court under 28 U.S.C. § 1391(a) because (a) the infringing goods and materials produced and sold by defendants have been imported, distributed and sold within this district, (b) the infringing goods and materials have caused injury to plaintiff by interfering with sales of the identical, lawful products he could have sold to customers within this district, (c) defendants have engaged in acts or omissions outside this district which have caused injury to plaintiff within this district, (d) the infringing goods and materials have been distributed, used or consumed within this district in the ordinary course of trade, and (e) defendants have otherwise made or established contacts with this state sufficient to permit the exercise of personal jurisdiction.  Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district.

## PARTIES

9.

Plaintiff Vincent L. Webb is an individual who presently resides in Sparks, Nevada. Plaintiff is the owner of the federally registered Trademarks UtilityMate® (Reg. No. 3,255,766) and UtilitySport® (Reg. No. 3,278,153) for use in cargo trailers in Class 12, and of the common law trademark "4 in 1" to describe the inclusion in his trailers of front and rear load bearing drop gates that can be lowered and locked in place to create a longer cargo bed.  Plaintiff is also the owner of the statutory and common copyrights for the user manual and contents which describes the features, design and proper use of plaintiff's UtilityMate® and UtilitySport® trailers, which materials have been registered with the United States Copyright Office.  Plaintiff is also the inventor of the design for front and rear load bearing drop gates that can be lowered and locked in place to create a longer cargo bed (hereinafter the "load bearding gate invention"), and he has a patent pending for this invention.  Plaintiff has been in the business of manufacturing UtilityMate® and UtilitySport® trailers since June 2005.

**Page 4 -** **COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

10.

Defendant Trailer City, Inc. is a retail seller of trailers with its principal place of business located in Portland, Oregon. Plaintiff is informed and believes and on that basis alleges that defendant Don E. Walker is the President and sole shareholder of defendant Trailer City, Inc., and that he is personally responsible for the decision of Trailer City, Inc. to sell the counterfeit trailers in issue. Plaintiff is further informed and believes that defendant Walker was informed, on at least three separate occasions prior to purchasing or continuing to purchase the counterfeit trailers from Changzhou Tool, that the only lawful source of UtilityMate® trailers he was interested in purchasing was plaintiff, but that he nevertheless entered into an agreement for the purchase of the counterfeit trailers from Changzhou Tool.

11.

Defendant Changzhou Tool is a Chinese manufacturer with its principal place of business located in Shanghai, People's Republic of China. Since an unknown date after November 2008, this defendant has been manufacturing trailers by use of plaintiff's design, drawings, blueprints, tools and moldings to manufacture trailers which are identical to plaintiff's UtilityMate® and UtilitySport® trailers for export to and sale in the United States and engaging in the infringing acts described herein.

## FACTS WHICH ARE COMMON TO ALL CLAIMS

12.

Plaintiff has been in the business of selling various products for over twenty years. In the spring of 2004, he was selling commercial trailers to Costco. At the time, Costco was selling a small utility trailer with which it was dissatisfied. As a result of its good relationship with plaintiff in his capacity as a manufacturer of another type of trailer, Costco approached plaintiff and informed him that it would be willing to purchase trailers from him if he could build a better trailer at a competitive price. After researching the matter, plaintiff believed that it would be possible to design and produce a better trailer, at a better price, by manufacturing the trailer in

China.  Accordingly, plaintiff designed a series of trailers and started looking for a Chinese manufacturer who could manufacture the trailers for him.  Plaintiff also adopted the UtilityMate® and UtilitySport® names to develop brand recognition for his new trailers and purchased and developed a web site at http://www.utilitymate.com to advertise his business.

13.

In the summer of 2004, at a trade show being put on at a Costco Business store in Phoenix, Arizona, plaintiff met an individual who was selling a different product.  In the course of their conversation, this individual advised plaintiff that he knew a manufacturer in China who could probably build the trailers for him.  Thereafter, this individual introduced plaintiff to defendant Changzhou Tool.

14.

Starting in October 2004, plaintiff sent drawings, designs, and pictures of samples trailers built by plaintiff to defendant Changzhou Tool in an attempt determine whether Changzhou Tool could manufacture the different trailers he had designed and, if so, at what price.

15.

In order to manufacture the trailers, defendant Changzhou Tool needed drawings, blueprints, tooling, molds, samples, and fixtures.  Plaintiff supplied Changzhou Tool with all the work product needed including completed owner's manuals which he had prepared with the assistance of Mr. Erich Mosier, as a work for hire.  Plaintiff also paid defendant Changzhou Tool $30,000.00 to manufacture the tooling, molds and fixtures necessary to manufacture its UtilityMate® and UtilitySport® trailers.  In exchange, defendant Changzhou Tool explicitly acknowledged and agreed that plaintiff retained exclusive ownership of all intellectual property rights.

///

///

///

**Page 6 -  COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

16.

During the period between May 2005 to June 2008, defendant Changzhou Tool manufactured thousands of UtilityMate® and UtilitySport® trailers for plaintiff to import into the United States. The trailers were purchased and imported by a company known as Trailerworks, then immediately re-sold to other U.S. purchasers, including Forest River, Inc., a customer of plaintiff. Most of the trailers were sold as OEM products upon which the purchasers, including Forest River, Inc., affixed their own names, with the written consent of plaintiff.

17.

In or about the spring of 2008, disputes arose between and among plaintiff, defendant Changzhou Tool, Trailerworks, and Forest River, Inc., which at the time was the only distributor of plaintiff's trailers in the United States. The dispute with Forest River arose primarily because of (1) defects in the trailers manufactured by defendant Changzhou Tool and (2) the failure of defendant Changzhou Tool to supply all the parts needed to assemble a complete trailer. On October 22, 2008, plaintiff terminated the license it had granted to Changzhou Tool to manufacture plaintiff's UtilityMate® and UtilitySport® trailers.

18.

Plaintiff has since entered into a agreement for the manufacturer of its UtilityMate® and UtilitySport® trailers with a different Chinese manufacturer. These trailers are now being imported into and sold in the United States for plaintiff.

19.

Thereafter, plaintiff discovered that defendant Changzhou Tool had decided to (a) manufacture identical trailers using plaintiff's designs, drawings, tooling and molds and (b) export and sell the trailers to customers in the United States, and that they had actually exported and sold these trailers in the United States. However, the trailers were all sold without

plaintiff's UtilityMate® and UtilitySport® marks, and are passed off as through they were defendant's own trailers.

20.

Changzhou Tool has now manufactured and sold an unknown number of counterfeit UtilityMate® and UtilitySport® trailers using plaintiff's designs, including his load bearding gate invention, accompanied by user manuals which infringe upon plaintiff's copyrights, as though the trailers and user manuals were its own product. Plaintiff has recently discovered that Changzhou Tool, either directly or indirectly, sold these trailers to defendants Trailer City, Inc. and Dan E. Walker.

21.

These trailers are presently being sold in direct competition with, but at prices that are far lower than, plaintiff's lawfully manufactured UtilityMate® and UtilitySport® trailers which are being sold through Sears, Sam's Club, Walmart, and other retail outlets, thereby resulting in reduced sales of plaintiff's genuine UtilityMate® and UtilitySport® trailers. Plaintiff is further informed and believes and on that basis alleges that the price advantage for the trailers manufactured by Changzhou Tool has been achieved by producing trailers that do not comply with DOT and NHTSA requirements. All genuine UtilityMate® and UtilitySport® trailers comply with DOT and NHTSA requirements, and that the confusion which will result from the sale of the counterfeit trailers will lead to consumer confusion, claims, and even product recalls against plaintiff. The infringing trailers sold by defendants are also accompanied by user manuals which incorporate plaintiff's copyrighted content, but from which plaintiff's UtilityMate® and UtilitySport® marks have been removed.

///

///

///

///

**Page 8 - COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

## FIRST CLAIM FOR RELIEF

(Trademark Infringement - Implied Reverse Passing Off - 15 U.S.C. § 1125(a))

22.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 21 above.

23.

Defendants' acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.24. Plaintiff's federal registrations on the Principal Register for the marks UtilityMate® and UtilitySport® as applied to cargo trailers are conclusive evidence of plaintiff's right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115. These registrations are incontestable, which provides conclusive evidence of their validity and of plaintiff's ownership of the marks and of its exclusive right to use the marks in commerce as applied to cargo trailers.

24.

Defendants' sales of trailers which are *identical* in design, dimensions and appearance to plaintiff's UtilityMate® and UtilitySport® trailers, and which were manufactured by use of the designs, blueprints, tools, and molds owned by plaintiff, which incorporate plaintiff's patent pending design for front and rear load bearing drop gates, and which are even sold under the same model numbers, but from which all marks identifying the trailers as UtilityMate® and UtilitySport® trailers, constitutes implied reverse passing off in violation of 15 U.S.C. § 1114.

25.

Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and injury to plaintiff's goodwill and reputation in UtilityMate® and UtilitySport® brands, for which plaintiff has no adequate remedy at law.

///

///

**Page 9 -    COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

26.

Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiff's federally registered UtilityMate® and UtilitySport® marks to plaintiff's great and irreparable injury.

27.

Defendants have caused and are likely to continue causing substantial injury to the public and to plaintiff, and plaintiff is therefore entitled to injunctive relief and to recover its actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

(Federal Unfair Competition - 15 U.S.C. § 1125(a))

28.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 27 above.

29.

Defendants' use of a design which is identical to plaintiff's UtilityMate® and UtilitySport® trailers, and which incorporates plaintiff's patent pending design for front and rear load bearing drop gates, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that defendants' goods are manufactured or distributed by plaintiff, or are associated or connected with plaintiff, or have the sponsorship, endorsement or approval of plaintiff.

30.

Defendants' use of plaintiff's design, including his patent pending design for front and rear load bearing drop gates, makes its trailers confusingly similar to plaintiff's UtilityMate® and UtilitySport® trailers in violation of 15 U.S.C. § 1125(a). Defendants' infringement of

plaintiff's trade dress constitutes a false designation of origin, or a false or misleading description or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with plaintiff, or as to the origin of defendants' products, for which plaintiff has no adequate remedy at law.

31.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiffs' UtilityMate® and UtilitySport® brands to the irreparable injury of plaintiff.

32.

Defendants have caused and are likely to continue causing substantial injury to the public and to plaintiff, and plaintiff is entitled to injunctive relief and to recover defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution - 15 U.S.C. § 1125(c))

33.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 32 above.

34.

Plaintiff has extensively and continuously promoted and used the design and patent-pending features of his UtilityMate® and UtilitySport® in the United States for sale to distributors and trailer manufacturers who might want to purchase plaintiff's trailers, and plaintiff's designs have become well-known symbols of plaintiff's trailers.

///

///

///

**Page 11 - COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

35.

Defendants are making commercial use of the trade dress for their trailers which dilute and are likely to dilute the distinctiveness of plaintiff's UtilityMate® and UtilitySport® trade dresses by eroding plaintiff's customers' exclusive identification of these trade dress with plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the trade dress, and otherwise lessening the capacity of the trade dresses to identify and distinguish goods and services.

36.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiff's UtilityMate® and UtilitySport® trade dress to the great and irreparable injury of plaintiff.

37.

Defendants' conduct has caused, and is likely to continue to cause, substantial injury to plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of plaintiff's UtilityMate® and UtilitySport® trade dress, in violation of 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF

(Unfair Competition - ORS § 646.608(1)(b))

38.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 37 above.

39.

Defendants' sales of trailers which are identical to plaintiff's UtilityMate® and UtilitySport® trailers constitutes an unfair business practice under ORS § 646.608(1)(b), which provides "A person engages in an unlawful practice when in the course of the person's business,

vocation or occupation the person does any of the following:  . . . (b) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services."  In this case, defendants' manufacture and sale of trailers which are manufactured by use of the designs, blueprints, tools and molds which are owned by plaintiff, and which are therefore identical to plaintiff's UtilityMate® and UtilitySport® trailers, creates confusion as to the source of those trailers.

40.

As a result of defendants' violation of ORS § 646.608(1)(b), plaintiff has suffered the loss of sales to companies which sell trailers in the State of Oregon, including but not limited to defendant Trailer City, Inc.

41.

Accordingly, plaintiff is entitled to recover its actual damages or statutory damages, punitive damages, and reasonable attorney fees, pursuant to ORS §§ 646.638(1) and (3), and to injunctive relief under ORS § 646.636.

### FIFTH CLAIM FOR RELIEF

(Unfair Competition - Cal. Bus. and Prof. Code § 17200)

42.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 41 above.

43.

Plaintiff's design of his UtilityMate® and UtilitySport® trailers, including his patent pending design for front and rear load bearing drop gates, is wholly associated with plaintiff due to his marketing efforts and sales success.  Defendants' manufacture and sale of identical trailers using plaintiff's designs, blueprints, tools, molds, and copyrighted user manuals, then importing those trailers through the Port of Los Angeles/Long Beach and selling them to U.S. customers in

direct competition with plaintiff, constitutes unfair competition under California Business and Professions Code, §§ 17200 and 17203.

44.

Defendants' acts of infringement are willful and intentional, in disregard of and with indifference to the rights of plaintiff. As a result of defendants' infringement of plaintiff's common law copyrights, plaintiff is entitled to punitive damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 101 et seq.)

45.

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 44 above.

46.

Plaintiff is the author and copyright holder of copyrighted material for his trailers. Plaintiff has registered the user manual and contents with the U.S. Copyright Office.

47.

Plaintiff has complied in all respects with 17 U.S.C. § 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the user manual and its contents. Plaintiff has been and is the sole owner of rights, title, and interest in and to the copyrights in their respective works as referenced above.

48.

Defendants' conduct described herein violates the exclusive rights belonging to plaintiff as the owner of the copyright in his user manual and web site, including without limitation his rights under 17 U.S.C. § 106.

///

49.

Plaintiff is informed and believes and on that basis alleges that, as a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to plaintiff. Accordingly, plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

50.

Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving plaintiff with no adequate remedy at law.

51.

Plaintiff is informed and believes and on that basis alleges that defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to the maximum statutory damages allowable.

WHEREFORE, plaintiff prays for judgment as follows:

A.    For an order enjoining defendants Trailer City, Inc., Dan E. Walker, Changzhou Nanxiashu Tool Co., Ltd. ("Changzhou Tool") and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from:

(1)    manufacturing, exporting, selling or importing into the United States trailers which are manufactured from designs, blueprints, tools or molds which were provided to or purchased by plaintiff, or from copies of those designs, blueprints, tools or molds;

(2)    manufacturing, exporting, selling or importing into the United States trailers which are identical to any model of utility trailer which previously were manufactured by defendant Changzhou Tool for plaintiff, or which is so confusingly similar that distributors or consumers are likely to believe that the trailer originated with plaintiff;

B.    An order requiring defendant Changzhou Tool to turn over to plaintiff:

**Page 15 - COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**

(1)    all designs, blueprints, tools, dies (and copies thereof) which were used to manufacture the infringing trailers; and

(2)    all user manuals, photographs, written material and computer files which were used to produce the user manuals for the infringing trailers.

C.    For an award of damages against defendants Trailer City, Inc., Dan E. Walker, and Changzhou Tool in such amount as is established by proof at trial;

D.    For punitive and exemplary damages in an amount sufficient to punish and set an example of defendants Trailer City, Inc., Dan E. Walker, and Changzhou Tool;

E.    For an award of attorney fees incurred in connection with plaintiff's efforts to preserve his copyright and trademark rights to his UtilityMate® and UtilitySport® trailers, designs and user manuals; and

F.    For such other and further relief as the Court may deem just and proper.

DATED this 20th day of June, 2011.

MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.

By: _____
Kerry J. Shepherd, OSB #944343
(503) 295-3085
Of Attorneys for Plaintiff

WEBBTR/249214-2

**Page 16 - COMPLAINT FOR TRADEMARK INFRINGEMENT (REVERSE PASSING OFF AND TRADE DRESS), TRADEMARK DILUTION, COMMON LAW COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESS PRACTICES**