IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT L. WEBB, a resident
of the State of Nevada,

       Plaintiffs,

v.

TRAILER CITY, INC., an Oregon
corporation; DAN E. WALKER, a
resident of Oregon; and
CHANGZHOU NANXIASHU TOOL CO.,
LTD., a foreign corporation,

       Defendants.

3:11-cv-00747-BR

OPINION AND ORDER


**STEPHEN J. JONCUS**
Joncus Law LLC
P.O. Box 838
Clackamas, OR 97015
(971) 236-1200

       Attorney for Plaintiff

**KRISTEN G. HILTON**
Sussman Shank, LLP
1000 S.W. Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111


1 - OPINION AND ORDER

**PAUL S. MARKS**
Neufeld Marks, PC
315 W. 9th Street
Suite 501
Los Angeles, CA 90015
(213) 625-2625

　　　　　Attorneys for Defendant Changzhou Nanxiashu
　　　　　Tool Co., Ltd

**BROWN, Senior Judge.**

　　　This matter comes before the Court on Defendant Changzhou
Nanziahsu Tool Co.'s Motion (#45) to Vacate Default, Default
Judgment and Supplemental Judgment and for Dismissal Based on
Lack of Jurisdiction.

　　　For the reasons that follow, the Court **DENIES** Defendant's
Motion.


<u>BACKGROUND</u>

　　　On June 20, 2011, Plaintiff filed this action against
Defendant Changzhou Nanxiashu Tools[1] for trademark and copyright
infringement, unfair competition, and unfair business practices.
Defendant was the Chinese manufacturer of Plaintiff's patented
utility trailers.  Plaintiff sought damages and injunctive
relief.

　　　On July 8, 2011, Plaintiff filed Proof of Service (#5) and

---

　　　[1]  In his Complaint Plaintiff named other Defendants who
have already been dismissed.

stated Defendant had been served on Jun 29, 2011, by serving Marc
Friedman, corporate counsel for Central Purchasing, Inc.
Defendant did not file an appearance or response to Plaintiff's
Complaint within the time required.

On August 11, 2011, Plaintiff filed a Motion (#11) for
Default Judgment against Defendant.  In a Declaration (#12) filed
in support of the Motion, Plaintiff stated Defendant was served
on June 29, 2011, by serving Central Purchasing, Inc.,
Defendant's registered agent for service of process in the United
States.  Plaintiff also stated he had obtained the registered
agent's name from the U.S. Department of Transportation, National
Highway Traffic Safety Administration, which identified Central
Purchasing as Defendant's agent pursuant to 49 U.S.C. § 30164 and
49 C.F.R. Part 551, Subpart D.

On August 19, 2011, the Court entered a Default Judgment and
Permanent Injunction (#16) against Defendant.  The Judgment did
not specify any money damages, but it included (1) a permanent
injunction for the return of Plaintiff's property, including
designs, blueprints, tools, dies, manuals, photographs, written
materials, and computer files used to manufacture Plaintiff's
trailers and (2) prohibited Defendant from continuing to
manufacture, to export, or to sell in the United States trailers
that infringed on Plaintiff's designs.

On September 14, 2016, Plaintiff filed a Motion (#18) to

Reopen Case and [for] an Order to Show Cause Why Defendant Should Not Be Held in Contempt for failure to comply with the requirements of the permanent injunction. Plaintiff also sought monetary damages.

On September 16, 2016, the Court ordered (#21) Defendant to file a response to Plaintiff's Motion (#18) by October 3, 2016. On September 16, 2016, Plaintiff served a copy of the Court's Order on Defendant by email; by Federal Express to Defendant's office in China; and by priority mail to Defendant's agent, Central Purchasing. Defendant did not file a response to Plaintiff's Motion.

On October 12, 2017, the Court issued an Order to Show Cause (#24) in which it set a hearing for November 3, 2017, and required Defendant to appear and to show cause why it should not be held in contempt. On October 17, 2016, Plaintiff served a copy of the Court's Order on Defendant by email; by Federal Express to Defendant's office in China; and by priority mail to Defendant's agent, Central Purchasing.

On November 3, 2017, the Court held the contempt hearing. No one appeared on behalf of Defendant. The Court found Defendant in contempt and directed Plaintiff to submit further briefing on the issue of damages. On March 3, 2017, Plaintiff filed a Supplemental Memo (#36) in support of his request for $11,947,505 in damages.

On May 18, 2017, the Court entered a Supplemental Judgment (#38) against Defendant for damages in the amount of $6,399,540.

On February 6, 2018, Defendant filed an Emergency Motion (#40) for Stay of Enforcement of the Judgment.

On February 7, 2018, Defendant filed its Motion (#45) to Vacate Default, Default Judgment and Supplemental Judgment and for Dismissal Based on Lack of Jurisdiction.

On February 20, 2018, the Court heard oral argument on Defendant's Emergency Motion (#40) for Stay and denied Defendant's request.

On March 7, 2018, the Court heard oral argument on Defendant's Motion (#45) to Vacate. Following oral argument the Court allowed the parties to file supplemental memos regarding the issue of statutory construction related to § 30164.

On April 2, 2018, the Court took Defendant's Motion to Vacate under advisement.


## STANDARDS

Fed. R. Civ. P. 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (4) the judgment is void; . . . .

A motion to vacate a judgment under Rule 60(b)(4) does not have a time limit and, therefore, "may be made at any time."

*S.E.C. v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). A final judgment is void and may be set aside "only if the court that considered it lacked jurisdiction . . . over the parties to be bound." *Id.* (citing *United States v. Berke*, 170 F.3d 862,883 (9th Cir. 1999)). A court lacks jurisdiction when there has been insufficient service of process. *Id. See also Travelers Cas. and Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)(holding federal court is without personal jurisdiction over a defendant unless the defendant has been properly served).

The defendant bears the burden of proving the existence of a justification for relief under Rule 60(b). *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)(citing *Atchison, Topeka and Santa Fe Railway Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957)).

Generally if service of process is challenged before entry of default, the plaintiff bears the burden of establishing the validity of service. *Capsugel Belgium NV v. Bright Pharma Caps, Inc.,* No. 3:15-cv-321, 2015 WL 7185463, at *2 (D. Or. Nov. 13, 2015). When, however, the defendant delayed in bringing the motion to vacate until after entry of default judgment, the defendant bears the burden to prove that service did not occur. *Internet Solutions*, 509 F.3d at 1163.

<u>**DISCUSSION**</u>

Defendant contends the Judgments should be vacated on the grounds that:  (1) the Judgments are void *ab initio* for ineffective service of process, (2) service of process did not conform to Oregon service rules, and (3) this Court lacks personal jurisdiction over Defendant because Defendant does not have sufficient minimum contacts with this forum.  Defendant also asserts the Court should dismiss Plaintiff's Complaint on the ground that Defendant has a meritorious defense to each of Plaintiff's claims.

Plaintiff, in turn, contends he has properly served Defendant with Summons and Complaint by service on its registered agent, Defendant had actual notice of this lawsuit, service under Oregon rules was accomplished, and Defendant has sufficient contacts with this forum to establish the Court's personal jurisdiction over Defendant.

**I.    Personal Jurisdiction (Minimum Contacts)**

As noted, Defendant contends it does not have sufficient minimum contacts with this forum to subject it to the personal jurisdiction of this Court, the Judgments are void, and the Court should dismiss this action.

Plaintiff, however, contends the allegations in his Complaint establish Defendant's activities were directed to Oregon and are sufficient to subject Defendant to the

jurisdiction of this Court.

**A. Standards**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Id.*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Pico v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015)(quoting *Diamler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)). Because Oregon's "long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01. *See also* Or. R. Civ. P. 4(L).

There are two types of personal jurisdiction: general and specific. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction exists when the nonresident defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), and

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082,
1086 (9th Cir.2000)).  "This is an exacting standard . . .
because a finding of general jurisdiction permits a defendant to
be haled into a court in the forum state to answer for any of its
activities anywhere in the world."  *Schwarzenegger*, 374 F.3d at
801.

　　　　To analyze a claim of specific jurisdiction, the Ninth
Circuit has established a three-prong test:  (1) the nonresident
defendant must purposefully direct his activities or consummate
some transaction with the forum or resident thereof or perform
some act by which he purposefully avails himself of the privilege
of conducting activities in the forum, thereby invoking the
benefits and protections of its laws; (2) the claim must be one
which arises out of or relates to the defendant's forum-related
activities; and (3) the exercise of jurisdiction must comport
with fair play and substantial justice (*i.e.*, it must be
reasonable).  *Id.* at 802 (quoting *Lake v. Lake*, 817 F.2d 1416,
1421 (9th Cir. 1987)).

　　　　For claims sounding in tort, the court applies a three-
part "effects" test derived from *Calder v. Jones*, 465 U.S. 783
(1984).  *Picot*, 780 F.3d at 1213-14.  Under that test a defendant
purposefully directs his activities at the forum if he:
(1) commits an intentional act, (2) expressly aimed at the forum
state, (3) causing harm that the defendant knows is likely to be

suffered in the forum state. *Pico*, 780 F.3d at 1214. When applying this test the court "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with person who resides there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). This contact includes entry into the state by the defendant in person or through an agent or by goods, mail, or some other means. *Id.*

"The plaintiff bears the burden of satisfying the first two prongs of the test." If Plaintiff is successful in doing so, the burden shifts to the defendant to "'present a compelling case' that exercise of jurisdiction would not be reasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### B. Analysis

Defendant asserts it is not subject to the specific personal jurisdiction of this Court on the grounds that: (1) it does not have and never has had any subsidiaries, offices, or employees in Oregon; (2) it does not have any assets, including bank accounts or real or personal property in Oregon; (3) it is not licensed to do business in and has not paid income taxes in the United States; (4) it does not have any business or contact address in the United States; and (5) the trailers it sold to Trailer City were manufactured according to Defendant's designs or designs it had a right to use. Moreover, Defendant contends

the trailers shipped to Trailer City in Oregon were inventory that was not paid for by Plaintiff.  Defendant also contends it did not do anything that "caused harm to Plaintiff and the only forum-related activities were attempts to cover for Plaintiff's breach of contract."

Plaintiff, in turn, maintains this Court has jurisdiction over Defendant on the ground that Plaintiff's claims are based on Defendant's infringing activities in Oregon, including the import of infringing trailers into the United States through the Port of Portland and supplying those trailers to Trailer City located in Portland.  Plaintiff also contends Defendant committed intentional acts by selling or attempting to sell the infringing trailers, that Defendant's acts were expressly aimed at Oregon, and that Defendant's acts caused harm that Defendant knew was likely to be suffered in Oregon. Plaintiff further contends Defendant has not shown this Court's exercise of jurisdiction over Defendant would  be unreasonable.

In *Luxul Technology Inc. v. Nectarlux, LLC,* the district court held the plaintiff's allegation that the defendant knowingly committed copyright infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125, was sufficient to find the defendant was subject to the court's personal jurisdiction under the three-part test for specific jurisdiction.  78 F. Supp. 3d 1156, 1178-79 (N.D. Cal. Jan. 26, 2015).

Here Plaintiff alleges he designed certain utility trailers and hired Defendant to manufacture those trailers for sale in the United States.  When a dispute arose regarding defects and missing parts for the trailers that Defendant had manufactured, Plaintiff cancelled the license for Defendant's continued manufacture of the trailers.  Plaintiff alleges Defendant, nevertheless, continued to manufacture the trailers using Plaintiff's designs without Plaintiff's trademark and shipping the infringing trailers to the United States.  As a result, Plaintiff brought this lawsuit against Defendant for trademark infringement, copyright infringement, trademark dilution, unfair competition, and unfair business practices.

Although Defendant argues Plaintiff cannot prove infringement because Plaintiff does not have any intellectual property rights in the trailers, Defendant's argument addresses the merits of Plaintiff's claims and is insufficient to defeat personal jurisdiction at this stage.

On this record the Court concludes Plaintiff's allegations are sufficient to establish a *prima facie* showing that this Court has specific personal jurisdiction over Defendant.  The Court also concludes Defendant's alleged conduct in continuing to manufacture trailers using Plaintiff's licensed designs after the business relationship ended and in shipping allegedly infringing trailers to a company in Oregon constitutes

an intentional act that was aimed at Oregon and caused harm that Defendant was likely to know would occur.

## II.  Service of Process

Even though Defendant is subject to the jurisdiction of this Court, the Court may not exercise that jurisdiction unless Plaintiff has properly or sufficiently served Defendant with process.

Defendant contends service pursuant to 49 U.S.C. § 30164 of the National Traffic and Motor Vehicle Safety Act does not constitute proper service for purposes of this lawsuit. Defendant asserts the designation of an agent pursuant to § 30164 relates to service of process by the government solely for safety-related issues pursuant to the Act and does not include service of process in civil actions between private parties.

Plaintiff, however, contends the plain language of § 30164 does not limit the registered agent's authority to receive process, and, moreover, the agent designated pursuant to the statute is a general agent of Defendant.

### A.  49 U.S.C. § 30164

Section 30164 provides:

> **(a) Designating Agents.**— A manufacturer offering a motor vehicle or motor vehicle equipment for import shall designate an agent on whom service of notices and process in administrative and judicial proceedings may be made.  The designation shall be in writing and filed with the Secretary of

Transportation. The designation may be changed in the same way as originally made.

**(b) Service.**— An agent may be served at the agent's office or usual place of residence. Service on the agent is deemed to be service on the manufacturer. If a manufacturer does not designate an agent, service may be made by posting the notice or process in the office of the Secretary.

Section 30164 was previously codified in 15 U.S.C. § 1399(e) and

provided:

**(e) Designation by manufacturers offering vehicle for importation of agent for service of process.** It shall be the duty of every manufacturer offering a motor vehicle or item of motor vehicle equipment for importation into the United States to designate in writing an agent upon whom service of all administrative and judicial processes, notices, orders, decisions and requirements may be made for and on behalf of said manufacturer, and to file such designation with the Secretary, which designation may from time to time be changed by like writing, similarly filed. Service of all administrative and judicial processes, notices, orders, decisions and requirements may be made upon said manufacturer by service upon such designated agent at his office or usual place of residence with like effect as if made personally upon said manufacturer, and in default of such designation of such agent, service of process, notice, order, requirement or decision in any proceeding before the Secretary or in any judicial proceeding for enforcement of this title or any standards prescribed pursuant to this title may be made by posting such process, notice, order, requirement or decision in the Office of the Secretary.

Repealed by Pub. L. 103-272, § 7(b)(July 5, 1994), 108 Stat.

1379.

**B.     Standard for Statutory Construction**

When interpreting a statute, the court's purpose "is always to discern the intent of Congress." *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Svcs., Inc.*, 435 F.3d 1140, 146 (9th Cir. 2006).  The Supreme Court has stated the court's "task is to construe what Congress has enacted.  We begin, as always, with the language of the statute." *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

In examining the statutory language, this Court adheres to the "plain meaning rule":

> It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.
>
> Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion.

*Caminetti v. United States*, 242 U.S. 470, 485 (1917), *accord Negonsott v. Samuels*, 507 U.S. 99, 104-05 (1993).  *See also Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001).

"The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).  *See also Carson Harbor*, 270 F.3d at 880.

### C. Proper Service of Process Under § 30164

Federal Rule of Civil Procedure 4(h)(1) provides service on a foreign corporation is accomplished (a) in the manner prescribed by state law or (b) by serving a "general agent, or any other agent authorized by appointment or by law to receive service of process." As noted, Plaintiff contends Defendant's agent appointed pursuant to § 30164 is a general agent authorized to receive service in this action.

The Ninth Circuit has not construed § 30164 or its predecessor statute nor has any court construed the current statute. Defendant relies, however, on cases from other districts and state courts that construe 15 U.S.C. § 1399(e), the prior statute, in which those courts hold the agent appointed under the Act is limited for the purpose of expediting enforcement of the Act itself and is not a general agency appointment for purposes of other civil process. *See, e.g., Madami Int'l, LLC v. Dinli Metal Indust. Co., Ltd.*, 276 F. Supp. 2d 586 (S.D. Miss. 2002); *Richardson v. Volkswagenwerke, A.G.*, 552 F. Supp. 73 (W.D. Mo. 1982); *Sipes v. Am. Honda Motor Co., Inc.*, 608 S.W. 2d 125 (Mo. App. 1980); *Porsche A.G. v. Superior Ct.*, 123 Cal. App. 3d 755 (1981); *Low v. Bayerische Motoren Werke, A.G.*, 449 N.Y.S. 2d 733 (1982); *Pasquale v. Genovese*, 139 Vt. 346 (1981). Although none of these authorities are binding on this Court, they are, nonetheless, instructive on the issue at

hand.

As noted, § 30164 provides: "A manufacturer offering a
motor vehicle or motor vehicle equipment for import shall
designate an agent on whom service of notices and process in
administrative and judicial proceedings may be made." The issue
here is whether Congress intended an agent designated under this
statute to be an agent authorized to receive service of process
in a patent/trademark infringement action. The plain language of
§ 30164 seems clear and unambiguous. The "plain meaning rule,"
however, is no longer an absolute prohibition, but is a "flexible
principle for ascertaining the intent of Congress." *Heppner*, 665
F.2d at 870.

> Although the language [of the statute] is facially
> clear and unambiguous, the plain meaning rule, as
> currently articulated by the Supreme Court,
> requires [the court] to approach the statute, not
> with mechanical literalism, but with the purpose
> of implementing Congressional intent."

*Id.* at 872. "No statutory provision is written in a vacuum."
*Carson*, 270 F.3d at 880. The Court, therefore, must examine as a
whole the context and the purpose of the Act of which § 30164 is
a part.

In 2002 the court in *Madami International* addressed
§ 30164 in the context of the statutory scheme and concluded
after the recodification of the prior statute that:

> [the] NTMVSA was enacted by Congress for "the
> express purpose [of allowing] the government to
> establish and enforce motor vehicle safety

standards." *Richardson v. Volkswagenwerk*, 552 F. Supp. 73, 77–78 (W.D. Mo.1982)(citing 15 U.S.C. §§ 1381, 1392). The Act included a provision requiring all manufacturers of motor vehicles for importation into the United States to designate in writing an agent for service of process and to file such designation with the Secretary of Transportation. It further provided that service could be "made upon said manufacturer by service upon such designated agent for service . . . ." 15 U.S.C. § 1399(e). In *Richardson*, the court opined that "the Act's legislative history and federal regulations promulgated thereunder coalesce with the plain meaning of the Act itself to demonstrate that the power of the agent appointed under the Act is limited by the scope of the Act itself," 552 F. Supp. 73, 77–78 (citing 49 C.F.R. § 551.45(c); 15 U.S.C. § 1399(e)), and held specifically that a manufacturer's designation of an agent under 15 U.S.C. § 1399(e) is "limited to service of documents by, of and from the United States Secretary of Transportation," *id.*, and "is not a proper method for service of process in common law actions," *id.* (citing numerous cases reaching this conclusion). This court concurs in the reasoning of the court in *Richardson*, and concludes that an appointment of an agent under the repealed § 1399(e) or under what appears to be the current version of the statute, 49 U.S.C. § 30164, does not serve as a general agency appointment for common law actions.

276 F. Supp. 2d at 591.

Construing § 30164 in the context of the statutory scheme and its purpose, this Court concludes the appointment of a registered agent under this statute only relates to service of notices and process in administrative or judicial proceedings related to violation of motor-vehicle safety regulations by the government and does not govern th receiving of process in any other civil action.

Accordingly, on this record the Court concludes Plaintiff's service of the Summons and Complaint on the registered agent appointed by Defendant pursuant to § 30164 was not proper service of Defendant.

### D. Sufficient Service of Process Under Federal Rule of Civil Procedure 4 and Oregon Rule of Civil Procedure 7

Although Plaintiff's service on Defendant was not proper under § 30164, the Court must still determine whether service was, nonetheless, sufficient service under Federal Rule of Civil Procedure 4.

#### 1. Standards

Federal Rule of Civil Procedure 4 governs service of process in federal court and "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). *See also Whidbee v. Pierce Cty*, 857 F.3d 1019, 1023 (9th Cir. 2017). In the absence of substantial compliance with Rule 4, however, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists,* 840 F.2d at 688.

As noted, Federal Rule of Civil Procedure 4(h)(1)(A) allows a corporation to be served in the manner prescribed for an individual under Rule 4(e)(1) as long as service is consistent with state law.

19 – OPINION AND ORDER

Oregon Rule of Civil Procedure 7D(1) provides:
"Summons shall be served . . . in any manner reasonably
calculated, under all the circumstances, to apprise the defendant
of the existence and pendency of the action and to afford a
reasonable opportunity to appear and defend." Oregon Rule of
Civil Procedure 7D(2) provides: The primary methods of service
are (1) by personal service, (2) by substituted service, (3) by
office service, or (4) by mail.

Finally, Oregon Rule Civil of Procedure 7D(3)(b)
provides the primary method to serve a corporation is by
"personal service or office service upon a registered agent,
officer, or director of the corporation; or by personal service
upon any clerk on duty in the office of a registered agent." If
a registered agent is not found in the county where the action is
filed, the corporation may be served by alternative methods;
*i.e.*, (1) by substituted service on the registered agent,
officer, or director, (2) by personal service on a clerk or agent
of the corporation who may be found in the county where the
action is filed, (3) by mailing in a manner specified under the
Rules to the office or last known address of the registered agent
or, if the corporation is not authorized to do business in
Oregon, to the principal office or place of business of the
corporation and, in any case, to any address the use of which the
plaintiff knows or has reason to believe is most likely to result

in actual notice, or (4) by serving the Secretary of State.

### 2. Analysis

Defendant contends the method of service that Plaintiff used was not authorized under Rule 7D and the manner of service did not satisfy the requirement of "reasonable notice."

Plaintiff, however, contends Oregon Rule of Civil Procedure 7D(3)(b)(ii)(C) allows service on a foreign corporation by mailing "to any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice." Plaintiff asserts the Summons and Complaint were personally served (as opposed to mailing) on Central Purchasing by delivering to Central Purchasing's in-house counsel, and, therefore, Plaintiff's service exceeded the requirement of Rule 7D(3)(b) and Plaintiff reasonably believed such service resulted in actual notice to Defendant.

In addition, Plaintiff submitted copies of emails from Trailer City (originally named as a defendant) to Plaintiff indicating that Ms. Zhang Wenjua, a sales representative for Defendant, had email communications with Trailer City about the lawsuit and about a potential settlement of the lawsuit. Plaintiff contends this is sufficient evidence to show that Defendant had actual notice.

Defendant, however, argues the emails do not demonstrate acknowledgment or even recognition that Defendant was

being sued, but instead indicate Defendant merely knew there was a dispute between Trailer City and Plaintiff.

"Actual notice" is not the standard for determining "adequate notice" under Oregon Rule 7(D)(1). In *Davis Wright Tremaine, LLP v. Menken* the Oregon Court of Appeals stated:

> ORCP 7(D)(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end. That is, regardless of whether the defendant ever actually received notice, were plaintiff's efforts to effect service reasonably calculated, under the totality of the circumstances then known to the plaintiff, to apprise the defendant of the pendency of the circumstances?"

181 Or. App. 332, 339 (2002). In *Liu v. Portland State University*, 3:14-cv-00908-BR, 2016 WL 1228580 (D. Or. March 28, 2016), this Court rejected the plaintiff's argument that he had properly served certain individual defendants pursuant to Oregon Rule of Civil Procedure 7(G) because they had received actual notice of the existence of the action, they knew they had been named as defendants, and they knew the plaintiff had attempted to serve them. Oregon Rule 7(G) provides in pertinent part:

> Failure to comply with provisions of this rule relating to the . . . issuance of summons . . . shall not affect the validity of service of summons . . . if the court determines that the defendant received actual notice of the substance and pendency of the action. . . . The court shall disregard any error in the content of summons that does not materially prejudice the substantive

> rights of the party against whom summons was
> issued.

The Court relied on the Oregon Supreme Court's opinion in *Jordan v. Wiser*, 302 Or. 50, 60 (1986): "The Oregon Supreme Court . . . has made clear that 'the fact that a defendant somehow received actual notice of the existence and pendency of an action, unrelated to service of a summons, does not satisfy the requirements of the rule [ORCP 7]'." 2106 WL 1228580, at *3. In its opinion the Oregon Supreme Court explained:

> [T]he first sentence of Rule 7(G), which requires
> the court to ignore defects of service when there
> is actual notice, does not specifically apply to
> "manner" of service. This was done intentionally
> and is consistent with the concept that service of
> a summons is required. It is possible that a
> defendant could receive actual notice from service
> of a summons that did not comply with ORCP
> 7(D)(1).

302 Or. at 60. Based on this interpretation of the Oregon Rules, the Oregon Supreme Court affirmed the plaintiff did not properly serve the defendant even though the defendant received actual notice of the lawsuit from his insurance company and a second defendant. Similarly, in *Liu* this Court found the plaintiff did not accomplish service on the defendant as required under Oregon Rules of Civil Procedure 7, including Rule 7(D)(1), by mailing copies to the defendant's general counsel despite the plaintiff's belief that the defendant had actual knowledge of the lawsuit.

Although actual knowledge may be considered in assessing the "totality of the circumstances," courts are still

required to consider whether the method of service chosen was reasonably calculated to apprise the defendant of the existence and pendency of the action based on the circumstances known to plaintiff at the time. *See, e.g., Linh Thi Minh Tran v. Clear Recon Corp.,* No. 3:16-cv-2318-SI, 2017 WL 626361 (D. Or. Feb. 15, 2017)(service of process was reasonably calculated under the totality of the circumstances to apprise the defendants of the pending action when they received actual notice and were unaware of any deficiency in the manner of service until after removal to federal court). In *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* the Ninth Circuit concluded service on a corporation is not limited solely to officially designated persons, but is sufficient "when made upon an individual who stands in such position as to render it fair, reasonable and just to imply the authority on his part to receive service." 840 F.2d 685, 688 (9th Cir. 1988).

As noted, in this case Plaintiff delivered a copy of the Summons and Complaint to Central Purchasing. Although Central Purchasing was not authorized under § 30164 to receive process for general civil actions as Defendant's agent, it was, nonetheless, an agent of Defendant. The Court has concluded Central Purchasing was not a general agent for service of process under the Motor Vehicle Safety Act, but Plaintiff served the person who appeared to be Defendant's agent for service of

process and Marc Friedman, Central Purchasing's in-house counsel, accepted that service. Although there is not any evidence in the record as to Friedman's disposition of the papers he received, it is reasonable to conclude that service was made in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1).

Accordingly, the Court concludes Plaintiff's service was sufficient under Federal Rule of Civil Procedure 4.

## III. Dismissal of Action Based on Existence of Defenses on the Merits

Defendant contends the Court should vacate the judgments and dismiss this action regardless of jurisdiction or service because Defendant has "a valid, if not perfect, defense" to Plaintiff's claims on the merits. For example, Defendant contends Plaintiff does not have any enforceable intellectual property rights and there is not any factual evidence that would support Plaintiff's claims against Defendant. For the Court to vacate the judgments and dismiss this action, Defendant asserts it need only establish a factual or legal basis that is sufficient to support a particular defense. Defendant relies on *TCI v. Group Life Ins. Plan*, 244 F.3d 691 (9th Cir. 2001), to support its position.

In *TCI* the Ninth Circuit stated: "A defendant seeking to vacate a default judgment must present specific facts that would

constitute a defense." *Id.* at 700.  In *TCI*, however, the

defendant sought to set aside a default judgment pursuant to

Federal Rule of Civil Procedure 60(b)(1) based on "mistake,

inadvertence, surprise, or excusable neglect."  Although the

court concluded the factual allegations were sufficient to raise

a particular defense, the court specified "the question whether

the factual allegation was true would be the subject of the later

litigation." *Id.*

Here Defendant seeks to vacate a judgment that it contends

is "void" pursuant to Rule 60(b)(4).  Defendant does not cite,

and this Court has not found, any authority that a court must

consider the merits of a defendant's defenses when determining

whether to set aside a default judgment under Rule 60(b)(4).

On this record the Court concludes even though Defendant may

have defenses to Plaintiff's claims on the merits, Defendant's

contention regarding the existence of defenses on the merits

alone is not a sufficient basis to set aside the Judgments

pursuant to Rule 60(b)(4) and to dismiss this case.


## <u>CONCLUSION</u>

For these reasons, the Court **DENIES** Defendant's Motion (#45)

to Vacate Default, Default Judgment and Supplemental Judgment and

for Dismissal Based on Lack of Jurisdiction.

DATED this 9th day of April, 2018.


                                    /s/ Anna J. Brown
                         _____
                         ANNA J. BROWN
                         United States Senior District Judge